IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN RABE, | ) | No. C 07-2879 TEH (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL AND INSTRUCTIONS TO THE CLERK** |
| v. | ) ) | |
| PELICAN BAY STATE PRISON MAILROOM, | ) ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a prisoner of the State of California currently incarcerated at Pelican Bay State Prison in Crescent City, California, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at San Quentin State Prison. In the complaint, Plaintiff states that he has not completed the process of exhausting his administrative appeals with regard to the instant complaint because his inmate appeal is "still being processed." Accordingly, the Court will dismiss the complaint without prejudice to Plaintiff filing a new complaint after he has completely exhausted the administrative remedies available to him.

**DISCUSSION**

    The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731,

739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734).

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Although exhaustion is an affirmative defense, the Court may dismiss a complaint sua sponte for failure to exhaust if it is clear from the face of the complaint and attached exhibits that Plaintiff has not satisfied the exhaustion requirement. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003); cf. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (although running of statute of limitations is affirmative defense, it may be grounds for sua sponte dismissal where defense is complete and obvious from face of the pleadings).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Id. § 3084.5;

2

1  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the
2  administrative remedies exhaustion requirement under § 1997e(a).  Id. at 1237-38.
3       Here, Plaintiff alleges in the complaint that he did not exhaust his claims through
4  all levels of the state prison administrative grievance system.  See Complaint at 2 (docket
5  no. 1).  Because exhausting the claims now would not cure the failure to do so before
6  filing suit, the complaint must be DISMISSED without prejudice.  See McKinney, 311
7  F.3d at 1199.  Plaintiff may file a new complaint, alleging the same subject matter of the
8  substantive complaint, if and when he exhausts the administrative remedies available to
9  him.  The Clerk shall close the file and enter judgment in accordance with this order.

11 SO ORDERED.

12 DATED:  06/28/07                              _____
                                                  THELTON E. HENDERSON
13                                                United States District Judge